872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce I. HELTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1342.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Joyce Helton urges us to find that the district court erred in granting summary judgment for the Secretary in this social security disability case. We believe the Secretary's decision is supported by substantial evidence, and we shall affirm the judgment of the district court.
 
 
 2
 In September of 1983 Mrs. Helton sustained a head injury at work. Since that time she has been subject to episodic seizures. These seizures, which have been verified by EEG testing, typically last for only a few seconds. At times the seizures are accompanied by slight jerks of the head. Although the plaintiff complains that the seizures interrupt her thinking and confuse her, they typically are so brief as to prevent clinical testing of her level of consciousness. They affect her memory somewhat; on one occasion she experienced nine seizures, but immediately thereafter could remember only two. Mrs. Helton says her condition has interfered with her sleep and with her ability to concentrate.
 
 
 3
 Mrs. Helton filed an application for social security benefits on July 18, 1984. After a hearing, an administrative law judge decided that Mrs. Helton was not disabled. The Appeals Council denied a request for review, and Mrs. Helton filed suit in federal district court. The court remanded the case to the Secretary for consideration under recently promulgated mental impairment criteria.
 
 
 4
 On remand a supplemental administrative hearing was held before a second ALJ. The ALJ found that the medical evidence revealed the existence of a definite seizure disorder, but that the only effect of the disorder was "occasional speech arrest." The ALJ considered Mrs. Helton's testimony to be exaggerated and not credible, and on that basis discounted her claim that she occasionally suffered "sleeping fits" during which she slept two to four hours during the day. Mrs. Helton's treating neurologist opined that she would be unable to work at a job such as that of telephone solicitor because she might experience a combination of seizures that would result in speech arrest. The ALJ concluded that this disability would not prevent her from engaging in sedentary jobs, of which there are many, that do not require conversing with the public or other individuals.
 
 
 5
 The ALJ filed a recommended decision denying benefits, and the Appeals Council adopted the recommended decision with insignificant modifications.
 
 
 6
 Upon reinstatement of the action in district court, a magistrate recommended that the decision of the Secretary be affirmed. The court (Suhrheinrich, J.) accepted the magistrate's recommendation, finding substantial evidence to support the ALJ's decision.
 
 
 7
 Mrs. Helton argues on appeal that her seizures constituted an impairment equal to listing 11.03 of Appendix 1 in 20 C.F.R. Part 404, Subpart P. Listing 11.03 is entitled "Epilepsy--Minor motor seizures (grand mal or psychomotor), documented by EEG and by detailed description of a typical seizure pattern ... occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment." The listing goes on to require "alteration of awareness or loss of consciousness and transient postictal [post-seizure] manifestations of unconventional behavior or significant interference with activity during the day."
 
 
 8
 Mrs. Helton's seizures were documented by EEG and did occur more frequently than once weekly in spite of more than three months of treatment. But the seizures were not shown to have caused her to lose consciousness or to alter her awareness. Moreover, the listing requires that there be post-seizure manifestations of unconventional behavior or significant interference with activity during the day. We do not read the record as compelling a finding that this requirement was satisfied. The only evidence of unconventional behavior was furnished in an anecdote provided by Mrs. Helton, and the record is by no means clear that Mrs. Helton's seizures, which lasted no more than five seconds, significantly interfered with her daytime activities. Clinical testing did not indicate that the seizures would prevent her from performing jobs requiring a limited range of light work.
 
 
 9
 In discounting portions of Mrs. Helton's testimony, the ALJ pointed to several inconsistencies in it. He appears to have been justified in his credibility finding.
 
 
 10
 The judgment of the district court is AFFIRMED.